UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KANORA WEST *et al.*,                                                                                                    Plaintiffs,

v.                                                                                                                     Civil Action No. 3:16-cv-782-DJH

JEROY HAYDEN *et al.*,                                                                                      Defendants.

\* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Kanora West filed the instant *pro se* action on December 9, 2016, proceeding *in forma paupers*.[1] On January 2, 2017, the Court entered a Memorandum and Order directing her to address several deficiencies with the filing of this action (DN 6). The Court found that both the complaint and Kanora West's application to proceed without prepayment of fees contain the names of minor children in violation of Federal Rule of Civil Procedure 5.2(a)(3) and the Court's Amended Notice of Electronic Availability of Civil Case File Information. Therefore, the Court ordered Kanora West to file a motion seeking leave to file redacted versions of the documents along with a copy of the redacted versions, using only the minor children's initials, within 60 days. The Court also found that Kanora West failed to sign the complaint form. Therefore, the Court also ordered Kanora West to sign and file the signature page of the complaint form within 60 days.

In addition, while Denise West was listed as a Plaintiff in the caption of the complaint form, she did not sign the complaint and did not pay her portion of the filing fee or file an application to proceed without the prepayment of the filing fee. Therefore, the Court further ordered that if Denise West wished to proceed as a Plaintiff in this action, she must sign the

---

[1] The complaint additionally named three minor children as Plaintiffs. However, by prior Order, the Court dismissed the claims brought by the minor children without prejudice since they were not represented by counsel (DN 9).

complaint form and either pay her portion of the filing fee or file her own application to proceed without the prepayment of the filing fee.

On February 17, 2017, Denise West signed and filed the signature page of the complaint form and filed an application to proceed without the prepayment of fees (DN 7). However, neither Kanora West nor Denise West complied with the Court's Order directing them to file redacted versions of the documents using only the minor children's initials. Nor did Kanora West comply with the Court's Order to sign and file the signature page of the complaint form.

Therefore, on April 18, 2017, the Court gave Kanora West and Denise West another opportunity to correct these deficiencies within 30 days (DN 9). The Court also gave Kanora West and Denise West the opportunity to file an amended complaint within 30 days to assert claims brought only by them and not on behalf of the minor children; to list specifically each Defendant's name; and to state in detail all facts they seek to allege in this lawsuit and include all claims they seek to bring. The Order stated, "Plaintiffs are **WARNED** that should they fail to file an amended complaint and redacted versions of the above documents within 30 days, the Court will enter an Order dismissing the action for failure to prosecute and for failure to comply with an order of this Court." (Emphasis in original.)

Well over 30 days have passed, and Kanora West and Denise West have failed to comply with any part of the Court's April 18, 2017, Order or to take any other action in this case. Upon filing the instant action, a plaintiff assumes the responsibility to actively litigate his or her claims. Federal Rule of Civil Procedure 41(b) permits the Court to dismiss the action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other

2

procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, the Court finds that Kanora West and Denise West's failure to comply with the Court's Orders shows a failure to pursue this case. Therefore, by separate Order, the Court will dismiss the instant action.

Date: June 14, 2017

**David J. Hale, Judge**
**United States District Court**

cc: Kanora West, *pro se*
    Denise West, *pro se*
    Defendants
4415.010